IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STANLEY KINKAID )<br>    348 Mossy Oak Drive )<br>    Winston-Salem NC 27127 )<br>     )<br>     )<br>    Petitioner, )<br>     )<br>v. )<br>     )<br>SECRETARY ROBERT MCDONALD )<br>    U.S. Department of Veterans Affairs )<br>    810 Vermont Avenue, NW )<br>    Washington DC 20420 )<br>     )<br>    and )<br>     )<br>SECRETARY ASH CARTER )<br>    Defense Finance & Accounting Service )<br>     in c/o )<br>    Department of Defense )<br>    1400 Defense Pentagon )<br>    Washington, DC 20301-1400 )<br>     )<br>    Respondents ) | Civil Action No.  15-797 |

PETITION FOR WRIT OF MANDAMUS

Petitioner, Dr. Stanley Kinkaid, through counsel, moves the Court to Compel the United States Department of Veterans of Affairs ("Defendant" or "Agency") and the Defense Finance Accounting Services ("DFAS") via the Department of Defense, to perform mandatory duties owed to the Petitioner under the order of the Principal Under Secretary of Health for the Department of Veterans Affairs and under the Back Pay Act, 5 U.S.C. § 5596.  Dr. Kinkaid, as a federal employee, was subjected to personnel action, which was later found to be unjustified.  In

response to this unjustified government action, the Defendant was ordered to provide Dr. Kinkaid back pay within 60 days. Two years have passed and the order has still not been fulfilled, nor has the Agency provided an explanation for this unreasonable delay.

Dr. Kinkaid, through Counsel, moves this Honorable Court to issue a writ of mandamus.

## I.  FACTUAL BACKGROUND

Dr. Kinkaid was employed as a Staff Physician at the VA Medical Center in Beckley, West Virginia, as a full-time permanent employee who had completed his probationary period. On April 19, 2011, Dr. Kinkaid was notified of his proposed removal based on eight charges, and on May 25, 2011, the Medical Center Director sustained the charges. A Disciplinary Appeals Board ("DAB") hearing was requested.

The DAB was convened and conducted a two-day hearing from December 11, 2012, to December 12, 2012. Of the eight charges, the DAB sustained five charges, sustained two charges in part, and did not sustain one charge. However, upon review of the DAB, on April 25, 2013, the Principal Deputy Under Secretary for Health ("Under Secretary"), Dr. Robert L. Jesse, found that Dr. Kinkaid was not afforded his due process rights and ordered Dr. Kinkaid's discharged to be overturned. The Under Secretary's decision ordered that Dr. Kinkaid's discharge be cancelled and removed from his Official Personnel Folder within 30 days of the order. Moreover, the Under Secretary's decision also stated that Dr. Kinkaid was to be "paid the appropriate amount of back pay no later than 60 calendar days after the date of receipt of this decision."[1]

---

[1] In October 2013, per a settlement agreement, Dr. Kinkaid resigned from the Agency. However, the back pay owed to Dr. Kinkaid under the Under Secretary's April 2013 decision was specifically excluded from the settlement.

By May of 2014, over a year after the Under Secretary's decision, Dr. Kinkaid had still not received his back pay. From May to July, Dr. Kinkaid's counsel repeatedly reached out to the Agency for an update on the status of the back pay, and was repeatedly told the back pay amounts were "processing."[2]

Throughout August and September, Dr. Kinkaid's counsel continued to pursue payment with the Agency. During this time, the Agency did not deny that back pay of any sort was owed, but merely that the process was taking quite a bit of time.[3] The Agency stated it needed to determine the sick leave, annual leave, and retirement benefits Dr. Kinkaid was owed, in addition to his back pay. At this point, now over a year since the Under Secretary's 60-day deadline for back pay, Dr. Kinkaid requested to *at least* be provided with some accounting of what he could potentially expect from the back pay. The Agency responded that they did not have this requested information, and that "DFAS will have a breakdown of everything once the money has been paid out."[4]

---

[2] On May 27, 2014, Dr. Kinkaid's counsel was notified via email that his payroll stubs had been submitted to DFAS for "processing," because DFAS is the responsible component for computing the difference between Dr. Kinkaid's outside earnings and his VA earnings in order to determine the back pay amount. In this email, counsel was told that the pay stubs were submitted to DFAS on May 1, 2014 and "per DFAS, they [DFAS] have within 60 days to process this ticket." However, on July 7, 2014, sixty-seven days after the ticket was submitted (and over a year after the Under Secretary's decision was made), Dr. Kinkaid's counsel was notified that DFAS needed 60 *business* days, not calendar days, to complete the analysis, and that as of July 7, 2014, "DFAS stated the ticket has not been worked yet," but its estimated completion was July 28, 2014.

[3] On August 4, 2014, Dr. Kinkaid's counsel again reached out to the Agency to determine why a resolution had not been reached by their own self-imposed 60-day deadline. The Agency responded via email that "DFAS responded late last week and instructed HR to begin processing the actions in the system for the back pay. Another two weeks passed and Dr. Kinkaid's counsel *again* asked the Agency for a status update on the back pay. In response to this request, the Agency responded on August 21, 2014, stating that DFAS requested "additional information" from the Agency, which the Agency provided to DFAS, and that the Agency hoped to "begin flowing the actions next pay period (8/24/14-9/6/14)."

[4] Email dated September 15, 2014, from Brian Edens to Michael Eisenberg.

Emails continued back and forth between Dr. Kinkaid's counsel and the Agency for another few weeks.  Dr. Kinkaid's counsel made additional requests for an accounting of the back-pay as well as benefits calculations.[5]  Counsel was advised that the back pay award would "be processed in the near future,"[6] however the Agency would not provide a firm date.[7]  On February 13, 2015, nearly two years after the Under Secretary's 2013 decision, counsel received an email from the Agency stating the Dr. Kinkaid would receive his back pay that day.[8]  However, the payment never occurred.  Dr. Kinkaid waited a few more days as a courtesy to allow possible processing time for the funds, and counsel notified the Agency on February 23, 2015, that the back pay still had not been received.[9]

As of the date of this petition, now over two years since the Under Secretary's April 23, 2013, decision, Dr. Kinkaid has still not received his back pay, nor any explanation for its delay.

## II. JURISDICTION & VENUE

This District Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1361, which states that "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

Venue is properly laid in the District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(e)(1) as Defendants are Agencies of the United States residing in the District of Columbia.

---

[5] Emails from Michael Eisenberg to Matthew Kelly and Brian Eden, dated September 22, 2014; October 15, 2014; October 17, 2014; October 29, 2014.
[6] Email dated October 30, 2014, from Matthew Kelly to Michael Eisenberg.
[7] *Id*. See also email dated November 7, 2014, from Matthew Kelly to Michael Eisenberg.
[8] See Email dated February 13, 2015, from Matthew Kelly to Michael Eisenberg.
[9] See Email dated February 23, 2015, from Michael Eisenberg to Matthew Kelly.

### III.  STANDARD OF REVIEW

A writ of mandamus will only be granted when essential to the interests of justice.  *See Starnes v. McGuire*, 512 F.2d 918, 929 (D.C. Cir. 1974) (en banc); *Haneke v. Secretary of HEW*, 535 F.2d 1291, 1296 (D.C. Cir. 1976); *In Re Tripati*, 836 F.2d 1406, 1407 (D.C. Cir. 1988). Federal district courts have authority to issue writs of mandamus pursuant to 28 U.S.C. § 1361, at the discretion of the Court.  *National Wildlife Federation v. United States*, 626 F.2d 917, 923 (D.C. Cir. 1980).  Mandamus generally will not issue unless there is a clear right in the Petitioner to the relief sought, a plainly defined and non-discretionary duty on the part of the defendant to honor that right, and no other adequate remedy, either judicial or administrative, available.  *Northern States Power Co. v. U.S. Dep't of Energy*, 128 F.3d 754, 758 (D.C. Cir. 1997).

The requirement of a clear duty to act has been interpreted to mean that the duty of the federal officer sued must be "a clear non-discretionary duty."  *Pittston Coal Group v. Sebben*, 109 S. Ct. 414, 424 (1988); *Welch v. Donovan,* 551 F. Supp.809 (D.D.C. 1982).  "It is well settled that a writ of mandamus is not available to compel discretionary acts."  Cox v. Secretary of Labor, 739 F. Supp. 28, 30 (D.D.C. 1990) (citations omitted).

### IV.  ARGUMENT

A. The Agency Owes a Clear, Non-discretionary Duty to Petitioner

The Under Secretary's decision ordering Dr. Kinkaid receive his back pay did not allocate a measure of discretion to the Agency.  Instead, the Agency is bound by the Back Pay Act's ("BPA") calculus for restitution.

The Back Pay Act, 5 U.S.C. § 5596, governs awards to federal employees who are subjected to personnel action, which is later found to be unjustified.  Under the BPA, when a federal employee is "found to have been affected by an unjustified or unwarranted personnel

action which has resulted in the withdrawal or reduction of all or part of his pay, he is entitled to recover:

> For the period for which the personnel action was in effect (i) **an amount equal to all of or any part of the pay, allowances, or differentials**, as applicable which the employee **normally would have earned or received during the period if the personnel action had not occurred**, less any amounts earned by the employee through other employment during that period . . . .

*Mattern v. Dep't of Treasury,* 291 F. 3d 1366, 1369 (Fed. Cir. 2002) (quoting 5 U.S.C. § 5596(b)(1)(A)(i)(2000)(emphasis added). The Office of Personnel Management, who was charged with promulgating regulation for the Back Pay Act, *see id.* § 5596(c), has defined the phrase "pay, allowances, or differentials" to include "pay, leave, and other monetary employment benefits to which an employee is entitled by statute or regulation." *Mattern v. Dep't of Treasury*, 291 F. 3d at 1369 (citing 5 C.F.R. § 550.803 (2000).[10]

In this case, Dr. Kinkaid's back pay calculations are subject to the BPA. Dr. Kinkaid was placed on a suspension status that was later overturned and reinstatement with back pay was ordered. The Agency does not contest that the BPA is applicable. Indeed, the Agency notified both Dr. Kinkaid's counsel and the Under Secretary that Agency's regulations implementing the BPA would be used to determine the amount owed.[11] Further, throughout the past year of correspondence with counsel, the Agency has never asserted that back pay is not owed, nor has the Agency contested the amount to be paid (or provided their own accounting, for that matter). Instead, the Agency has *agreed* the money is owed, stated their intent to pay the unknown

---

[10] There are some limits to the BPA. The BPA's purpose is to "make whole" by providing what an employee was entitled to, and therefore deprived, by the government's action. *Mattern*, 291 F. 3d at 1370. This would not include back pay for overtime, premium time, or nighttime deferential pay, since an employee is not "entitled" to work those extra hours. *Id*. However, these limitations do not apply here. Dr. Kinkaid is not seeking "extra" pay, but instead simply the standard pay he would have received had he been permitted to continue his work.

[11] See Letter to Principle Deputy Under Secretary for Health Dr. Robert L Jesse, M.D., Ph.D, from Arlene T. Shively, Assistant Regional Counsel, Dep't of Veterans Affairs, June 19, 2013.

amount, and then, when they have failed to pay, has refused to provide an actual explanation for why a matter that should have been resolved within 60 days is being drawn out for years.

### B. Dr. Kinkaid's Back Pay is Essential to Justice

Dr. Kinkaid was subjected to unwarranted personnel action, and therefore his back pay is essential to justice. As outlined above, a petition for mandamus shall not lie unless it is essential to justice that the courts should intervene.

In this case, the Agency has not contested the justness of the back pay owed. In fact, in a determination from the Agency regarding payment of attorney's fees in the DAB matter, the Agency admitted that, under the Civil Service Reform Act, counsel was entitled to attorney fees because this qualified as a "case where an award serves the 'interests of justice.'"[12] As explained in this memorandum, an "interest of justice" is established by "showing one of the following: (1) the agency engaged in a prohibited personnel practice; (2) the agency action was clearly without merit or wholly unfounded, or the employee is substantially innocent of the charges; (3), the agency initiated the action in bad faith; (4) the agency committed a gross procedural error that prolonged the proceeding or severely prejudiced the employee; or (5) the agency knew or should have known that it would not prevail on the merits when it brought the proceeding." *Allen v. U.S. Postal Serv.* 2 M.S.P.R. 420, 434-35 (1980). The Agency then states in this memorandum that, because Dr. Kinkaid's removal was overturned based on due process concerns, counsel's entitlement is in the interest of justice.

Moreover, beyond the Agency's previous acknowledgements that interests of justice were served in the initial case, the Agency has not at any time in the past two years of communications asserted that this back payment award would be unjust. Instead, the Agency has

---

[12] Dep't of Veterans Affairs General Counsel Memorandum dated August 20, 2013.

continued to agree that the back payment is owed.  The Agency has continued to agree that it is their duty to distribute the back pay. And yet no back payments have been made, now nearly two years after justice called for it.

### IV.  CONCLUSION

Petitioner Dr. Kinkaid, through Counsel, respectfully moves this court to compel the agency to:

1) Assume jurisdiction of this cause;

2) Issue a Writ of Mandamus to compel the Department of Veterans Affairs and the Defense Finance and Accounting Service (through the Department of Defense) to immediately fulfill the following non-discretionary duties to Petitioner:

   a) Process Petitioner's owed back pay, including actual pay owed as well as benefits, as outlined under the BPA;

   b) Provide an accounting of the calculations of Petitioner's back pay;

   c) Provide lost interest, benefits, etc. due to the delay of over two years;

   c) Provide attorneys fees and costs related to this Writ.

WHEREFORE, Petitioner, by and through Counsel, in consideration of the foregoing, prays the above relief be Granted.

Respectfully Submitted,

/s/ Michael D.J. Eisenberg
Michael D.J. Eisenberg
D.C. Bar No. 415793 Attorney for the Plaintiff
Law Office of Michael D.J. Eisenberg
700 12th Street, N.W., Suite 700
Washington, DC 20005
O: (202) 558-6371/F: (202) 403-3430
**E-mail:  Michael@Eisenberg-Lawoffice.com**